IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLET SELL, | Case No. 21-cv-10064-CRB |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION TO DISMISS OR TRANSFER VENUE** |
| SAMUEL A. YOUNG, et al., | |
| Defendants. | |

Plaintiff Nicolet Sell sued Defendants Samuel A. Young and Voltage Vessels, LLC, alleging that Defendants made misrepresentations to induce Sell to invest $200,000 in Voltage Vessels.  See Compl. (dkt 1-3).  Defendants removed the case to federal court, as Sell resides in California, both defendants reside in Hawaii, and the case meets the amount-in-controversy requirement.  See Notice of Removal (dkt. 1).  Defendants move to dismiss for improper venue or transfer to the District of Hawaii.  See Mot. (dkt. 8). Finding oral argument unnecessary, the Court DENIES the motion.

Sell alleges that Young visited California in October 2019, at which point the two met and began a romantic relationship, and then "[s]hortly thereafter" the two "came up with the idea of manufacturing an electric jet ski" and "agreed to be 50/50 partners" in Voltage Vessels.  Compl. ¶ 8.  In May 2020, Young agreed that he would transfer a further 1% ownership to Sell after incorporation "in exchange for [Sell] agreeing to work for the company for a year without salary and a promise that [Sell] would receive Voltage Vessel's [sic] prototype jet ski when it was completed."  Id. ¶¶ 9-10.  "In the following months, Young repeatedly told [Sell] he had incorporated Voltage Vessels with them as fifty-fifty owners."  Id. ¶ 11.  Sell invested considerable money and labor and began

<div style="writing-mode: vertical-rl">United States District Court<br>Northern District of California</div>

fundraising.  Id. ¶ 12.  At a meeting with Sell and potential investors in October 2020, Young "showed a video of the prototype jet ski outperforming a gas-powered jet ski."  Id. ¶ 13.  But when Sell visited Hawaii in early 2021, she discovered that (1) the prototype did not work, (2) her name was not on the bank account, and (3) the Operating Agreement identified Young "as the sole owner of Voltage Vessels."  Id. ¶¶ 16-17.

In their motion, Defendants insist that "the only act which occurred in California was [Sell's] seduction of Young" in October 2019.  Mot. at 13.  On a motion to dismiss, the Court cannot decide whether the relationship involved "seduction," much less who seduced whom.  But Defendants are incorrect that the romantic encounter is all that occurred in California.  Young frequently communicated with Sell over the following 15 months, during which the two developed their business idea and Young made the "repeated" misrepresentations at issue, including that Sell owned 50% (or more) when in fact she owned none.  See, e.g., Compl. ¶ 11.  Although Young was in Hawaii and made the alleged misrepresentations over the phone or email, he made them knowing that Sell lived in San Mateo, California and that the harm was occurring there.  See Reply (dkt. 22) at 2 (admitting that Young's "text messages and emails [were] received by Plaintiff while she was in California").  Sell more than sufficiently alleges that Young reached out to commit the fraud in California.  In its reply brief and in the attached declarations, Young disputes Sell's allegations, asserting (among other things) that the parties did not discuss Voltage Vessels while he was in California and he never made any misrepresentations at all.  See generally Young decl. (dkt. 22-1).  These statements dispute the heart of Sell's allegations, and they are not relevant to the venue question here.  Because Sell plausibly alleges that "a substantial part of the events or omissions giving rise to the claim occurred" in the Northern District, venue is proper here.  28 U.S.C. § 1391(b)(2).

Alternatively, Defendants argue that the Court should transfer venue to the District of Hawaii "[f]or the convenience of parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a); see id. § 1391(b)(1) (venue is proper in a district where all defendants reside); Compl. ¶¶ 2, 3 (both defendants reside in Hawaii).  When considering whether to

transfer to another venue where the case could have been brought, a court considers:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498-99 (9th Cir. 2000).  The Jones factors do not weigh toward venue in Hawaii.  Defendants list supposed sources of proof and witnesses that are in Hawaii, such as the employees who worked on the jet ski prototype, see Mot. at 20, but these supposed witnesses have little (if anything) to do with Young's misleading representations to Sell.  In contrast, several factors weigh toward venue in the Northern District.  The relevant agreements appear to have been initially negotiated in California.  Most importantly, the Court gives "great weight" to the plaintiff's choice of venue in the Northern District.  See Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987).

The Court therefore DENIES Defendants' motion to dismiss or transfer venue.

**IT IS SO ORDERED.**

Dated: March 28, 2022

_____
CHARLES R. BREYER
United States District Judge